UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIEL L. WILLIAMS, : Plaintiff, : : | |
| v. : | CIVIL ACTION NO. 22-cv-4576 |
| : DEFENDER ASSOCIATION OF : PHILA., *et al.*, : Defendants. : | |

MEMORANDUM

**Joseph F. Leeson, Jr.**  　　　　　　　　　　　　　　　　　　　　　　　　**January 6, 2023**
**United States District Judge**

　　　*Pro se* Plaintiff Jamiel L. Williams, a prisoner currently incarcerated at SCI Huntingdon, has filed a civil rights Complaint (ECF No. 2) pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights with respect to his underlying criminal conviction in state court.[1] Also before the Court are Williams's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his Motion to Add a Supporting Memorandum of Law (ECF No. 5). For the following reasons, Williams will be granted leave to proceed *in forma pauperis*, and his claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] A review of publicly available records shows that Williams pled guilty to charges of attempted murder, burglary, and related charges. *See Commonwealth v. Williams*, CP-51-CR-0004294-2019 (C.P. Phila.).

I.      **FACTUAL ALLEGATIONS**[2]

Williams filed his Complaint in this case using the Court's preprinted form for prisoners seeking to assert civil rights violations pursuant to 42 U.S.C. § 1983, and names the following Defendants: (1) Emily D. McKenna, Esquire, a lawyer with the Defender Association of Philadelphia; (2) the Defender Association of Philadelphia; (3) Lawrence S. Krasner, the District Attorney for Philadelphia; and (4) the Court of Common Pleas of Philadelphia County. (Compl. at 2-3.)[3] Williams asserts that he is bringing this action pursuant to § 1983 because his "right to effective assistance of counsel" was violated, as well as his due process rights "under [the] Mental Health Act[.]" (*Id.* at 3.) Defendant McKenna allegedly provided "inadequate representation" and demonstrated that she was ineffective and not competent to serve as his lawyer because she failed to file the "proper paperwork or motions" and did not investigate the information Williams provided to her with respect to his 2019 criminal case. (*Id.* at 4-5.) Williams also claims that McKenna gave him "misleading advice" that "unduly influenced" him to plead guilty to a "conditional plea" agreement. (*Id.* at 5.)

With respect to his mental health, Williams appears to claim that McKenna failed to make specific filings required under 18 U.S.C. §§ 4242 & 4244, federal criminal statutes that govern procedures for seeking pretrial psychiatric or psychological examination of a defendant charged in a federal criminal matter and the hospitalization of a convicted federal defendant suffering from mental disease or defect, respectively.[4] (*Id.* at 5.) He further asserts that

---

[2] The facts set forth in this Memorandum are taken from Williams's Complaint.

[3] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[4] It is unclear to the Court how these federal statutes were applicable in Williams's state court criminal proceedings.

2

McKenna never sought copies of records documenting his mental health history from a hospital in New York where he allegedly spent time in the past. (*Id.* at 4-5.) Williams contends that McKenna's failure to file documents and investigate thoroughly in his state court criminal case constitute a dereliction of her duty, and he asserts that the outcome of his case would have been different if not for her alleged failures. (*Id.* at 5.)

Based on these allegations, Williams seeks damages excess of $500,000 to "financially compensate" him for McKenna's "ineffective assistance of counsel[.]" (*Id.*) He also asks that the District Attorney be directed to "reinvestigate" his claims and compensate him in excess of $1,000,000, and that the Court "push for a dismissal" of his state court criminal case, or a new investigation and "lower sentence[.]" (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Williams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only

---

[5] As he is a prisoner, Williams is subject to the obligation to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(h).

whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Williams is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F. 3d at 244).

### III.    DISCUSSION

The Court understands Williams's Complaint, filed on the form for prisoners seeking to assert civil rights violations, to allege claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.    Claims Against McKenna and the Defender Association of Philadelphia

Williams's claims against McKenna, a public defender with the Defender Association of Philadelphia who represented him in his state court criminal proceeding, are not plausible. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys

performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). More specifically, civil rights claims against attorneys employed by the Defender Association of Philadelphia are routinely dismissed by courts in this District on the basis that these attorneys are not state actors for purposes of § 1983. *See, e.g.*, *Rushing v. Pennsylvania*, 637 F. App'x. 55, 56-57 (3d Cir. 2016) (summarily affirming district court's dismissal of attorney from the Philadelphia Defender Association on the basis that the attorney was not a state actor); *Somahkawahho v. Cnty. of Philadelphia*, No. 20-6589, 2021 WL 462776, at *5 (E.D. Pa. Feb. 8, 2021) (concluding that two attorneys employed by the Defender Association of Philadelphia were not considered state actors for purposes of § 1983); *McKinney v. Nutter*, No. 15-4671, 2017 WL 928373, at *5 (E.D. Pa. Mar. 9, 2017) (dismissing attorney of the "Philadelphia Public Defender's Office" as a defendant because he was not considered a state actor for purposes of § 1983).

Because Williams's claim against McKenna are based on his dissatisfaction with her representation in his state court criminal proceedings and her perceived failures (*see* Compl. at 4-5), it is clear that he seeks to assert liability against McKenna in her role performing the traditional functions of counsel to a defendant in a criminal proceeding. Because she was not acting under color of state law when she represented Williams, Williams's allegations against McKenna are insufficient to state a plausible § 1983 claim and must be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Because any attempt at amendment would be futile, Williams's § 1983 claims against McKenna will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).[6]

---

[6] To the extent Williams seeks relief in the form of dismissal of his state court criminal case, a new investigation in that matter, or a lower sentence (see Compl. at 5), Williams cannot obtain such relief in a civil rights action such as this one and, rather, must file a habeas petition if he

McKenna's employer, the Defender Association of Philadelphia, is also not a state actor for purposes of § 1983. *Polk Cnty.*, 454 U.S. at 325; *see also Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk Cnty.*)). Courts in this District have dismissed § 1983 claims against the Defender Association of Philadelphia on the basis that the Association is not a state actor for over thirty years citing *Polk*. *See, e.g.*, *Grinter v. Pennsylvania*, No. 19-1240, 2019 WL 1384271, at *2

---

seeks release on the basis that his confinement is unconstitutional. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."). The Court's with prejudice dismissal of Williams's § 1983 claim against McKenna does not bar him from seeking to raise a collateral attack on the constitutionality of his state court proceedings by filing, if timely, a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 after first exhausting his claims in the state courts in order to allege ineffective assistance of counsel by McKenna. *See Santos v. New Jersey*, 393 F. App'x 893, 894, n.1 (3d Cir. 2010). The Court expresses no opinion on the merits of any potential habeas petition by Williams.

To the extent Williams's Complaint could be liberally construed to raise a state law claim of legal malpractice, Williams's has also failed to plead a plausible claim. Under Pennsylvania law, a defendant convicted of an offense cannot sue his attorney for negligence unless he is first granted post-trial relief on the ground that counsel was ineffective. *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993). The record from the underlying state criminal case reflects that Williams has not been granted such relief. *See Commonwealth v. Williams*, CP-51-CR-0004294-2019 (C.P. Phila.). Alternatively, a defendant convicted of a crime may sue his attorney for breach of contract to recover fees, without first winning post-trial relief. *Bailey*, 621 A.2d at 115. Here, however, the record in the underlying case and in this matter reflect that defense counsel was not privately retained, but rather a public defender. As such, there are no fees which Plaintiff would be entitled to recover.

6

(E.D. Pa. Mar. 26, 2019) (finding that the Defender Association of Philadelphia is not a state actor for purposes of § 1983 and dismissing plaintiff's § 1983 against the Association); *Barnes v. Lerner*, No. 88-0097, 1988 WL 68736, at *1 (E.D. Pa. June 27, 1988) ("Plaintiff's suit against the Defender Association of Philadelphia County must be dismissed . . . [because] [t]he Public Defender Association is not a state actor and may not be sued under § 1983.)  Accordingly, Williams's § 1983 claim against the Defender Association is also not plausible and will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) as any attempt to amend would be futile.  *See Grayson*, 293 F.3d at 114.

### B. Claims Against the Philadelphia County Court of Common Pleas Records Department

Williams's § 1983 claim against the Philadelphia County Court of Common Pleas Records Department is barred by the Eleventh Amendment, which bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Records Department of the Philadelphia County Court of Common Pleas is part of Pennsylvania's unified judicial system which shares in the Commonwealth's Eleventh Amendment immunity.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that the state courts compromising Pennsylvania's Unified Judicial System are entitled to share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 301(9); *cf.*, *Parker v. Lehigh Cnty. Domestic Relation Court*, 621 F. App'x 125, 128 (3d Cir. 2015) ("As [Eleventh Amendment] immunity extends to the component districts of Pennsylvania's unified judicial system, it shields the Family Court from . . . suit.").  As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Williams's claim against the Philadelphia County Court of Common Pleas Records Department must be dismissed

for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). The dismissal of this claim is with prejudice as any amendment would be futile. *See Grayson*, 293 F.3d at 114.

### C. Claims Against District Attorney Lawrence Krasner

Williams names Philadelphia County District Attorney Lawrence Krasner as a Defendant in this action, but only lists him in the caption of the Complaint and on the designated lines for "Defendants" on the form he utilized to commence this action. He does not, however, set forth any factual allegations against Krasner. The Court understands Williams to be bringing claims against Krasner based on his role as the District Attorney for Philadelphia County – the Office which brought the relevant criminal charges against Williams. Any such claims against Krasner must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity for prosecutors is broad and extends to cover the decision to initiate a prosecution, *id.*, 424 U.S. at 431, as well as presenting a state's case at trial, *id.*, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Because Williams's claims against Krasner appear to be based upon Krasner's actions as a prosecutor for the Commonwealth in bringing criminal charges against Williams, Krasner is entitled to absolute immunity and the claims against him will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be granted as it would be futile.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss Williams's Complaint with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  Williams will not be granted leave to amend because amendment would be futile.  *See Grayson*, 293 F.3d at 114.  Williams's Motion to Add a Supporting Memorandum of Law (ECF No. 5) is denied as moot in light of the dismissal of his Complaint.  An appropriate Order follows.

**BY THE COURT:**


*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

9